# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No: 1:14-cr-00203-TWP-TAB-1 |
| DJUANE L. McPHAUL, | ) |
| Defendant. | ) |

## ORDER GRANTING MOTION
## FOR REVOCATION OF RELEASE ORDER

This matter is before the Court on the Government's request that the Court conduct a *de novo* review of the Magistrate Judge's order permitting pretrial release of Defendant Duane Lamar McPhaul ("Mr. McPhaul"). Pursuant to 18 U.S.C. § 3145(a), the District Court Judge has reviewed the Magistrate Judge's Order of Release (*See* [Filing No. 15](Filing No. 15) and [Filing No. 17](Filing No. 17)), entered on the record on October 24, 2014. The Court has reviewed the transcript of the proceedings held on October 24, 2014, the pretrial services report ("PS3") prepared by the United States Probation Office and has considered the Government's Motion for Revocation of Release Order (Filing No. 28) as well as testimony, evidence and argument submitted at the November 3, 2014 hearing. The Court finds the Government has met its burden of proof and offered sufficient evidence that there are no conditions or combination of conditions which would overcome the unacceptable risk that Mr. McPhaul's release poses a danger to any person or the community. Accordingly, the Government's motion for revocation of the release order is **GRANTED.**

### I. FINDINGS OF FACT

On October 7, 2014, a federal Grand Jury returned an Indictment charging Mr. McPhaul as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and a serious violent

felon in possession of body armor in violation of 18 U.S.C. § 931(a)(1). Mr. McPhaul contacted an attorney and surrendered upon notice that a warrant had been issued under seal for his arrest. The Government moved for pretrial detention on the basis of danger to the community pursuant to 18 U.S.C. §§ 3142(e), (f)(1)(A) and (f)(1)(E). A detention hearing was held on October 24, 2014 in which the Magistrate Judge found the Government had not shown by clear and convincing evidence that there was no combination of conditions that could reasonably assure the safety of others or to the community and Mr. McPhaul was ordered released under certain conditions. The Government moved for a stay of the Magistrate Judge's order pending review by the District Court ([Filing No. 12](Filing No. 12)).

At the hearing before this Court, the Government presented evidence of the nature and circumstances of the prior robbery and intimidation conviction and of the instant offense. Additionally, the Government argued that Mr. McPhaul has been arrested three times in the two years since his release from prison and was on conditions of release at the time of each arrest. Further, the Government proffered that the probation officer's recommendation in the PS3 was made in a "vacuum" as the officer was unaware of the alleged facts of the instant offense.

Mr. McPhaul presented evidence that he has significant ties to the community, that since his release from the Indiana Department of Correction in 2010 he has maintained employment, complied with a court order to pay child support, traveled internationally without incident and when he became aware that he was the subject of a sealed federal indictment he surrendered himself.

## II.  CONCLUSIONS OF LAW

Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). With respect to

reasonably assuring the safety of any other person and the community, the Government bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 2099, 95 L.Ed.2d 697 (1987); *Portes*, 786 F.2d at 764; *Orta*, 760 F.2d at 891 & n. 18; *Leibowitz*, 652 F.Supp. at 596; *United States v. Knight*, 636 F.Supp. 1462, 1465 (S.D. Fla. 1986). Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 43 1-33, 99 S.Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

In determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of any other person and the community, the Court must take into account the following factors under 18 U.S.C. § 3142(g):

   (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . .

   (2) the weight of the evidence against the accused;

   (3) the history and characteristics of the person, including;

   (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing appeal, or completion of sentence for an offense under Federal, State, or local law; and

   (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

The Court has considered the evidence presented on the issue of release or detention and weighed both in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards set forth above. Among the factors presented for the Court's consideration is Mr. McPhaul's character, family ties, employment, financial resources, length of residence in the community,

community ties, past conduct, criminal history, and record concerning appearances at court proceedings. 18 U.S.C. § 3142(g)(3)(A). However, the presence of community ties and related ties have been found to have no correlation with the issue of safety of the community. *United States v. Delker*, 757 F.2d 1390, 1396 (3rd Cir. 1985); S.Rep. No. 98- 225, 98th Cong., 1st Sess. at 24, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3207-08.

The Court finds the Government has shown by clear and convincing evidence that Mr. McPhaul presents a danger to the community and a danger to the safety of any other person in the community. Specifically, the Court has considered the nature and circumstances of the offense charged. Mr. McPhaul was allegedly driving within a mile of Ball State University, a college campus, at 2:00 a.m., wearing full body armor, with a stolen loaded firearm in his vehicle. At the time of the traffic stop, Mr. McPhaul traveled for nearly a mile from the time officers initiated the traffic stop before he stopped his vehicle. Mr. McPhaul has been indicted by the Grand Jury and the weight of the evidence is strong and favors detention. Title 18, United States Code, Section 3142 (g)(2).

The Court has considered the fact that Mr. McPhaul was previously convicted in 2003 of a serious violent felony, that being a B felony Armed Robbery and a C felony Intimidation, in Delaware County Circuit Court, case number 18C02-0111-CF-75. Mr. McPhaul pled guilty and served a 16-year prison sentence. During the armed robbery, it is alleged by the Government, and Mr. McPhaul has not disputed, that he told the bank teller, "I'm going to pop you if you press the button." Mr. McPhaul was released from the Indiana Department of Correction in 2010, released from parole in 2012, and charged with this offense only ten months later.

While charged in state court with this offense, Mr. McPhaul was arrested and charged with another criminal offense of alleged criminal trespass, again near the Ball State University campus

4

area. At the time of his arrest for the charges in this case, Mr. McPhaul also had a pending state court charge of resisting law enforcement.

The Court does recognize that Mr. McPhaul is presumed innocent of his two pending charges, as well as this case. However, the two other arrests, while on conditions of release, are very troubling to the Court.

And, finally, the Court has consulted with the probation officer. The probation officer was not aware of the alleged facts surrounding the charges in this case. The Court has been advised had she known of those allegations, the probation officer's recommendation to the Magistrate Judge would have been different.

### III. ORDER

For the reasons stated above, the District Court's *de novo* determination is that the Government has met its burden of proof and the Government's Motion for Revocation of the Release Order ([Filing No. 12](Filing No. 12)) is **GRANTED**. Mr. McPhaul is remanded to the custody of the United States Marshal pending trial or other disposition of this matter.

**SO ORDERED.**

Date: 11/4/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Magistrate Judge Debra Lynch

Mike Donahoe
INDIANA FEDERAL COMMUNITY DEFENDERS
mike.donahoe@fd.org

Jeffrey Preston
UNITED STATES ATTORNEY'S OFFICE
jeffrey.preston@usdoj.gov