**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cr-00203-TWP-TAB |
| | ) | |
| DJUANE L. MCPHAUL, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON MOTION TO BIFURCATE**

This matter is before the Court on Defendant Djuane L. McPhaul's ("Mr. McPhaul")
Motion to Bifurcate (Filing No. 77). Mr. McPhaul is charged with violating 18 U.S.C. §922(g)(1)
(felon in possession of a firearm) and 18 U.S.C. §931(a)(1) (violent felon in possession of body
armor), arising out of a middle-of-the-night traffic stop where police seized from Mr. McPhaul's
person and vehicle a handgun, ammunition, and body armor. Mr. McPhaul asks that the jury trial
of this matter be bifurcated to require the Government to first prove that he possessed the firearm
and body armor prior to presenting evidence of his prior felony conviction. For the reasons set
forth below, Mr. McPhaul's Motion is **DENIED**.

## I.     BACKGROUND

Mr. McPhaul has been charged with Felon in Possession of a Firearm (Count I) and Violent
Felon in Possession of Body Armor (Count II). The two counts arise out of Mr. McPhaul's arrest
on December 21, 2013, when he allegedly attempted to flee from law enforcement officers when
they initiated a traffic stop. At the time of his arrest, Mr. McPhaul previously had been convicted
of Armed Robbery, a Class B felony, and Intimidation, a Class C felony. Mr. McPhaul asks the
Court to bifurcate the trial so that the jury first deliberates on whether he possessed the firearm and

body armor on December 21, 2013. If the jury determines that Mr. McPhaul did possess the firearm or body armor, then the jury would hear evidence about prior felony convictions and deliberate on whether Mr. McPhaul previously had been convicted of a felony. By this Motion, Mr. McPhaul seeks to bifurcate the elements of the charged offenses.

## II.   <u>LEGAL STANDARD</u>

When a prior felony conviction is an element of the crime that the Government must prove, its admission is not a matter of the trial court's discretion. *United States v. Aleman*, 609 F.3d 298, 310 (7th Cir. 1979). "Trying multiple counts before the same jury can sometimes be problematic; it runs the risk of producing a verdict based on bad acts and propensity evidence rather than on admissible evidence." *United States v. Davis*, 724 F.3d 949, 956 (7th Cir. 2013) (internal citation and quotation marks omitted). However, bifurcation of elements of an offense prevents the Government from having its case decided by the jury and changes the nature of the crime charged. *United States v. Barker*, 1 F.3d 957, 960 (9th Cir. 1993). Further, a district court may not change the very nature of the charged offense by bifurcating the elements of a single offense. *United States v. Jacobs*, 44 F.3d 1219, 1221–23 (3rd Cir. 1995) (citing *Barker*, 1 F.3d at 959).

## III.   <u>DISCUSSION</u>

Mr. McPhaul contends that, unless the "possession" of a firearm and body armor elements are bifurcated from the "prior felony conviction" element of Counts I and II, the jury will be told that Mr. McPhaul is a convicted felon before adjudicating on the evidence whether he in fact possessed the firearm and body armor, thus severely prejudicing his right to a fair trial based on admissible evidence. Although Mr. McPhaul's contention is accurate in most criminal cases, it does not apply in this case. Generally, evidence of prior crimes and convictions is irrelevant or unfairly prejudicial and therefore inadmissible. However, where a prior felony conviction is an

element of the charged offense, evidence of such prior conviction will have the tendency to make a fact of consequence in determining the action more or less probable than without it, and thus, it generally is admissible. Fed. R. Evid. 401; 402. But the Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

The rationale for the inadmissibility of prior convictions is eroded when evidence of a prior conviction not only has the tendency to establish guilt but also is essential to such determination. Where a prior conviction is a necessary element of the charged offense, evidence of prior convictions is relevant and admissible. Regarding concerns of unfair prejudice, "[e]vidence is prejudicial only when it has an additional adverse effect on a defendant beyond tending to prove the fact or issue that justified its admission. A prior conviction is not prejudicial when it is an element of the charged crime." *Barker*, 1 F.3d at 959 n.3. As the Seventh Circuit Court of Appeals explained, "[i]n the present case the prior conviction is an element of the crime. Its admission was not a matter of the trial court's discretion." *Aleman*, 609 F.2d at 310.

Courts of appeals from other circuits have considered the precision issue presented here— bifurcating elements of a single count of a "possession by a convicted felon" offense—and those courts have determined that bifurcation of elements is not proper. *See, e.g.*, *Jacobs*, 44 F.3d at 1221–23; *Barker*, 1 F.3d at 960; *United States v. Birdsong*, 982 F.2d 481, 482 (11th Cir. 1993); *United States v. Collamore*, 868 F.2d 24 (1st Cir. 1989).

In this case, evidence of prior felony convictions is admissible because it is relevant to an issue of the case as one of the elements of the charged offenses. Mr. McPhaul would not have been charged and could not be tried for Counts I and II if he did not have a prior felony conviction. Prior felony convictions are relevant to the issues of this case because the criminal charges are limited to those individuals who have been convicted of a felony. Having a prior felony conviction has the

3

tendency to establish guilt because it is an essential element to each charge that the Government brought against Mr. McPhaul. The Court determines that Mr. McPhaul's interest in avoiding prejudice is outweighed by the Government's interest in arriving at the truth and being able to try its case.

Mr. McPhaul's desires can be advanced through a limiting instruction to the jury or by stipulation. In a limiting instruction, the jury can be instructed that evidence of a prior conviction cannot be considered as evidence of Mr. McPhaul's propensity to commit the crimes presently charged. Quoting the Supreme Court's decision in *Old Chief v. United States*, the Seventh Circuit explained,

> the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it. But when a defendant's status as a felon is an element of the offense and he offers to stipulate to that fact, the evidence of his prior conviction loses its probative value, leaving only a substantial risk of unfair prejudice. In this specific situation, a district court abuses its discretion in admitting the details of the prior conviction.

*United States v. Gomez*, 763 F.3d 845, 857–58 (7th Cir. 2014) (quoting *Old Chief v. United States*, 519 U.S. 172 (1997)) (internal citations and quotation marks omitted). Mr. McPhaul may stipulate to his prior felony convictions and avoid the presentation of evidence of the details of his prior convictions.

## IV.   CONCLUSION

For the reasons set forth above, the Court finds that bifurcation of elements as requested by Mr. McPhaul is not proper. Therefore, Mr. McPhaul's Motion to Bifurcate (Filing No. 77) is **DENIED**.

**SO ORDERED**.

Date: 7/31/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Theodore John Minch
SOVICH MINCH LLP
tjminch@sovichminch.com

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE
jeffrey.preston@usdoj.gov

Tiffany Jacqueline McCormick
UNITED STATES ATTORNEY'S OFFICE
tiffany.mccormick@usdoj.gov