UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14-cr-00203-TWP-TAB |
| ) | |
| DJUANE L. MCPHAUL, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON GOVERNMENT'S MOTION IN LIMINE**

This matter is before the Court on Plaintiff United States of America's ("the Government") Motion in *Limine* to exclude evidence and testimony regarding the potential penalty in the event of a conviction and an unrelated, pending *pro se* civil rights action (Filing No. 71). Defendant Djuane L. McPhaul ("Mr. McPhaul") is charged with violating 18 U.S.C. §922(g)(1) (felon in possession of a firearm) and 18 U.S.C. §931(a)(1) (violent felon in possession of body armor). During a traffic stop, police seized from Mr. McPhaul's person and vehicle a handgun, ammunition, and body armor. A jury trial is scheduled to begin on September 21, 2015. The Government asks for the exclusion of any evidence and testimony regarding the potential sentence in the event of a conviction and also any evidence and testimony regarding a pending *pro se* civil rights action brought by Mr. McPhaul against the Ball State University Police Department. For the following reasons, the Government's Motion in *Limine* is **GRANTED**.

The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved

in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

In this case, the jury will have no sentencing function; it will not be required to find facts that would lead to the imposition of a specific sentence or increasing the statutory penalty. Sentencing in this case will be reserved for the Court in the event of a guilty verdict. "[W]hen a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (citation and quotation marks omitted).

Mr. McPhaul responds that he has no objection to the Government's request to exclude in *limine* any evidence and testimony regarding the potential penalty in the event of a conviction. The Court **grants** the Government's request to exclude this evidence.

Regarding any evidence and testimony concerning the pending *pro se* civil rights action brought by Mr. McPhaul against the Ball State University Police Department, Mr. McPhaul opposes the Government's motion, asserting that such evidence is relevant to any bias that Officers Andrew Sell and David Barnes (arresting officers and Government witnesses) may have against Mr. McPhaul.

The Government requests that evidence and testimony concerning the pending *pro se* civil rights action be excluded in *limine* because it is not relevant to the charges that will be tried by the jury. Mr. McPhaul was arrested on April 20, 2013, by Ball State police officers. Eight months later, on December 21, 2013, Mr. McPhaul was again arrested, which led to this criminal prosecution. Then four months later, on April 22, 2014, Mr. McPhaul filed his *pro se* civil rights case against Ball State police officers arising out of his April 20, 2013 arrest. The Government

asserts that it is not relevant to the charges of felon in possession of a firearm and violent felon in possession of body armor that Mr. McPhaul filed a *pro se* civil rights action four months after his arrest. The Government argues that, while this may have been relevant to Mr. McPhaul's motion to suppress and an argument that his traffic stop was pretextual, it has no relevance at trial. The Government further explains that any probative value is substantially outweighed by the danger of unfair prejudice and that raising the *pro se* civil rights action will open the door to Mr. McPhaul's prior bad acts.

"Irrelevant evidence is not admissible." Federal Rule of Evidence 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. At this stage of the proceedings, the Court determines that Mr. McPhaul's pending *pro se* civil rights action is not relevant, and therefore is not admissible. Thus, the Court grants the Government's Motion in *Limine* to exclude evidence and testimony concerning the pending *pro se* civil rights action brought by Mr. McPhaul against the Ball State University Police Department.

An order in *limine,* however, is not a final, appealable order. If, during the course of the trial, Mr. McPhaul believes such evidence becomes relevant or otherwise admissible, counsel may approach the bench and request a hearing outside the presence of the jury so that the Court may reexamine this ruling.

For the foregoing reasons, the Court **GRANTS** the Government's Motions' in *Limine*.

**SO ORDERED.**

Date: 7/31/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

3

Distribution:

Theodore John Minch
SOVICH MINCH LLP
tjminch@sovichminch.com

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE
jeffrey.preston@usdoj.gov

Tiffany Jacqueline McCormick
UNITED STATES ATTORNEY'S OFFICE
tiffany.mccormick@usdoj.gov