UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:14-cr-00203-TWP-TAB |
| DJUANE L. MCPHAUL, | ) ) ) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S MOTION IN LIMINE**

This matter is before the Court on Defendant Djuane L. McPhaul's ("Mr. McPhaul") Motion in *Limine* ([Filing No. 76](#)). Mr. McPhaul is charged with violating 18 U.S.C. §922(g)(1) (felon in possession of a firearm) and 18 U.S.C. §931(a)(1) (violent felon in possession of body armor). During a traffic stop, police seized from Mr. McPhaul's person and vehicle a handgun and ammunition, body armor, cash, a backpack, and baggies. Mr. McPhaul moves in *limine* to prohibit the introduction of evidence or argument about the cash, backpack, and baggies as well as evidence or argument concerning Mr. McPhaul's financial situation at the time of his arrest and improper opinion testimony. For the following reasons, Mr. McPhaul's Motion in *Limine* is **GRANTED.**

The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

In response to Mr. McPhaul's Motion in *Limine*, the Government explains that the Motion should be denied as moot because (1) the Government does not intend to introduce the backpack, baggies, and $245 cash into evidence; (2) at the hearing on Mr. McPhaul's Motion to Suppress, the Court ruled from the bench that the $2,000 cash found in the lockbox in the car trunk would be suppressed; (3) the Government does not intend to introduce evidence about Mr. McPhaul's financial situation at the time of his arrest; and (4) the Government understands Mr. McPhaul's Federal Rule of Evidence 704(b) objection regarding improper opinion testimony and will follow the law concerning such evidence ([Filing No. 84](Filing No. 84)).

In its Response to Mr. McPhaul's Motion in *Limine* the Government asks the Court to deny the motion as moot, however, as Mr. McPhaul's position is well taken, the Court would prefer to **GRANT** Mr. McPhaul's Motion in *Limine*.

**SO ORDERED.**

Date: 7/31/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Theodore John Minch
SOVICH MINCH LLP
tjminch@sovichminch.com

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE
jeffrey.preston@usdoj.gov

Tiffany Jacqueline McCormick
UNITED STATES ATTORNEY'S OFFICE
tiffany.mccormick@usdoj.gov